UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOHAMED HWAILI on Behalf of Himself and on Behalf of All Others Similarly Situated,<br>　　　Plaintiff,<br><br>v.<br><br>MASTERED LANGUAGES, LLC,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. : 4:19-cv-1623<br><br><br><br><br><br>JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COLLECTIVE
ACTION COMPLAINT & JURY DEMAND

SUMMARY OF SUIT

1.　　This Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., case implicates the longstanding pay policy of Mastered Languages, LLC, which fails to properly compensate its non-exempt employees for their overtime hours.

2.　　Defendant misclassified Plaintiff and other translators (the "Class Members") as independent contractors and deprived them of the overtime of which they are entitled under the FLSA.

3.　　Defendant's conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Class Members, be paid at one and one half their regular rate of pay for all hours worked in excess of forty within a single week. *See* 29 U.S.C. § 207(a).

4.　　Defendant's conduct also violates state law because Defendant and Plaintiff had an enforceable agreement whereby Plaintiff agreed to perform work for Defendant, and in return Defendant was to pay Plaintiff at an agreed hourly rate for all time in which he performed compensable work. Even if no enforceable agreement exists, Defendant received and accepted valuable services from Plaintiff with notice that he expected to be paid hourly for these services,

yet Defendant failed to pay Plaintiff for services performed on Defendant's behalf. To date, Defendant owes Plaintiff substantial compensation for four months of work that Plaintiff has performed but for which Defendant has not paid.

5. Plaintiff files this action to recover on behalf of himself and Class Members all unpaid wages and other damages owed to them under the FLSA as a 29 U.S.C. § 216(b) collective action in order to remedy the practices of Defendant which have deprived Plaintiff and Class Members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

6. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of common facts as his federal claim.

7. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District. In particular, Plaintiff worked for Defendant in Harris County, Texas and Defendant is headquartered in Harris County, Texas.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Mohamed Hwaili is an individual residing in Harris County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

9. Defendant Mastered Languages, LLC is a domestic limited liability company that may be served process through its registered agent Mo Shebaclo, 5312 Community Drive, Houston, TX 77005.

10. Class Members are all of Defendant's current and former hourly translators and workers performing substantially similar work during the last three years.

**FLSA COVERAGE**

11.	At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

12.	At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

13.	Plaintiff and Class Members are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

14.	"The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex. 2012). *See also*, 29 U.S.C. § 207(a)(1). *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) ("*Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

15.	With regard to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 n.2 (E.D. Tex. 2011) (citing 29 U.S.C. § 203(s)(1)(A)).

16.	At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

3

17.     Here, Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

18.     Further, Defendant itself is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with merchants across state lines, and processes customers' bills with banks in other states.

19.     At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

20.     Defendant Mastered Languages, LLC provides translation and patient liaison services for largely Arabic speaking patients in the Houston Medical Center.

21.     Plaintiff Hwaili, an orthopedic surgeon by training, relocated to the United States as a result of conflict in Libya.

22.     Plaintiff worked for Defendant from approximately February of 2015 to April of 2019 as a translator and patient coordinator.

23.     As a translator and patient coordinator, Plaintiff was responsible for accompanying patients to doctors visits, translating medical records, and scheduling medical appointments.

24.     During the last six months of his employment with Defendant, Plaintiff worked in a management position with Defendant overseeing and scheduling Defendant's other translators.

25.     During his entire work tenure with Defendant, Defendant classified Plaintiff and its other translators as independent contractors.

26.     Defendant paid Plaintiff and its other translators a flat hourly rate without overtime.

27.     Plaintiff's hourly rate was $25 an hour.

28.     Plaintiff and other translators routinely worked more than 40 hours in a week.

29.     Plaintiff commonly worked 60 hour work weeks.

30. Other translators also commonly worked 60 hour weeks.

31. Defendant should have classified Plaintiff and its other translators as employees instead of independent contractors.

32. Plaintiff and the other translators were economically dependent on Defendant for their livelihoods and continued employment.

33. The work rendered by Plaintiff and Defendant's other translators is an integral part of Defendant's business. Defendant exists to provide translation and patient liaison work and Plaintiff and the other translators are integral to that purpose.

34. Defendant enjoys long working relationships with its translators. For example, Plaintiff worked for Defendant exclusively for over 4 years. Other translators likewise work for Defendant for extended periods of time. When Defendant hires a translator, it is with the intention that the translator will work for Defendant for an extended period of time, not for a discrete job or assignment.

35. Defendant also controls all aspects of the working relationship. Defendant schedules the work, dictates which patients a translator will be working with, controls when its translators can take vacations, and dictates the hourly rate at which a translator will be paid.

36. Plaintiff and Defendant's other translators do not have an opportunity for profit or loss based on managerial skill. Instead, like normal employees, they just work for a pre-established hourly rate.

37. None of the white collar FLSA exemptions are applicable in this case because Defendant did not pay Plaintiff or any other translator on a salary or fee basis.

38. Defendant terminated Plaintiff's employment in April of 2019. At the time his termination, Defendant had not paid Plaintiff for his work from January of 2019 until his

termination. To date, Defendant has failed to issue payment to Plaintiff for that time despite Plaintiff's demand for that payment.

39. Defendant's method of paying Plaintiff and Class Members was willful, and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Instead, Defendant's conduct was deliberate. Defendant's workforce is predominately recent immigrants unaware of their rights. Defendant took advantage of these workers in order to enrich itself.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all persons who were, are, or will be employed by Defendant as translators, or in substantially similar positions, within three (3) years from the commencement of this action. Defendant has misclassified these workers as independent contractors, as described above.

41. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because his claims are similar to the claims possessed by Class Members.

42. Plaintiff has actual knowledge that Class Members have been denied compensation for their overtime because Defendant misclassified those workers as independent contractors.

43. Plaintiff is similarly situated to Class Members. Like Plaintiff, Defendant subjected Class Members to its common practice, policy, or plan of refusing to pay overtime for all work performed, in clear violation of the FLSA.

44. Although Defendant permitted and/or required Class Members to work in excess of forty hours per workweek, Defendant has denied them overtime compensation because Defendant misclassified the Class Members as independent contractors.

45. Class Members perform or have performed the same or similar work as Plaintiff.

46. Class Members regularly work or have worked in excess of forty hours during a workweek.

47. Class Members are not exempt from receiving overtime compensation under the FLSA.

48. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Class Members.

49. Although Plaintiff and Class Members may have different job titles and/or work in different locations, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant period:

   a. Defendant maintained common scheduling systems and policies with respect to Plaintiff and Class Members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Class Members;

   b. Defendant maintained common timekeeping systems and policies with respect to Plaintiff and Class Members;

   c. Defendant maintained common payroll systems and policies with respect to Plaintiff and Class Members, controlled the payroll systems and policies applied to Plaintiff and Class Members and set the pay rate assigned to Plaintiff and Class Members.

50. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

51. Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

52. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated, summed, and allocated based on a simple formula.

53. Plaintiff's and Class Members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.  Defendant had a plan, policy or practice of misclassifying its workers as independent contractors.

54. As such, the class of similarly situated Plaintiff is properly defined as follows:

> **All translators that worked for Defendant during that last three years that Defendant classified as independent contractors, or otherwise not as employees.**

55. The precise number of Class Members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).  The names and addresses of the Class Members of the collective action are discoverable from Defendant.  Given the composition and size of the Class, notice will be provided to these individuals via First Class Mail, e-mail and other modes of notice similar to those customarily used in representative actions.

### COUNT ONE:  VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME COMPENSATION
### (COLLECTIVE ACTION)

56. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

57. Plaintiff and Class Members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

58. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

59. Throughout the relevant period, Defendant expected and required Plaintiff and Class Members to be available to work for more than 40 hours per week.

60. Plaintiff and Class Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

61. Defendant violated and continues to violate the FLSA when it fails to pay Plaintiff and Class Members overtime. Because of these violations, Plaintiff and Class Members have suffered a wage loss.

62. Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT TWO: BREACH OF CONTRACT

63. Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

64. A valid and enforceable agreement existed between Plaintiff and Defendant. The terms and conditions of which include, but are not limited to, an agreement by Plaintiff to perform services for Defendant, and for Defendant to pay Plaintiff at an agreed hourly rate for all time in which he performed compensable work.

65. Plaintiff duly performed under the agreement at Defendant's direction and for its benefit.

66. Defendant failed and refused to perform its obligations under the agreement by failing to compensate Plaintiff for all time worked on behalf of Defendant. In particular, Defendant paid Defendant no wages for his labor from January through April of 2019.

67. Plaintiff is entitled to recover damages from this breach of agreement.

68. Plaintiff is entitled to attorney's fees for such breach of contract.

## COUNT THREE: QUANTUM MERUIT

69. Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs. This claim is plead in the alternative to the breach of contract claim.

70. Plaintiff performed valuable services for Defendant during the months of January to April of 2019.

71. These services had a reasonable value no less than the agreed hourly rate.

72. Defendant accepted and retained the benefit of Plaintiff's performance of these valuable services.

73. No contract exists between Plaintiff and Defendant regarding the provision of services during this time period.

74. Defendant had reasonable notice and/or knowledge that Plaintiff expected to be compensated for services rendered for the Defendant.

75. Defendant failed to pay Plaintiff the reasonable value of the services performed during this period.

76. Plaintiff is entitled to recover damages under this claim.

77. Plaintiff is entitled to attorney's fees and costs under this claim.

## COUNT FOUR: MONEY HAD AND RECEIVED

78. Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

79. Defendant received money from its customers and their agents for the work performed by the Plaintiff between January and April of 2019, while Defendant failed to pay Plaintiff for such work.

80. Defendant holds money that in equity and good conscience belongs to Plaintiff due to its failure to pay Plaintiff for all hours worked.

## COUNT FIVE: UNJUST ENRICHMENT

81. Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

82. Defendant has been unjustly enriched at the expense of the Plaintiff by failing to pay for work performed by Plaintiff during the period between January and April of 2019.

83. Defendant knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff. In particular, Defendant received the benefit of the labor and services provided to Defendant's customers by Plaintiff.

84. Such wrongful conduct demonstrates bad faith and undue advantage on the part of Defendant.

85. It would be unjust and inequitable for Defendant to retain the benefit of the unpaid work performed by Plaintiff.

## DAMAGES SOUGHT

86. Plaintiff and FLSA Class Members are entitled to recover their unpaid overtime wage compensation.

87. Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

88. Plaintiff and FLSA Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

89. Plaintiff is entitled to recover damages flowing from the breach of contract, the reasonable value of the services he provided, all monies held by Defendant that belongs to Plaintiff, the value by which Defendants were unjustly enriched by receiving the unpaid labor, attorneys' fees and costs, pre-judgment and post-judgment interest as provided by law, and such other relief the Court deems fair and equitable.

## JURY DEMAND

90. Plaintiff hereby requests trial by jury.

## PRAYER

91. For these reasons, Plaintiff respectfully request that judgment be entered in favor of himself and the Class Members awarding the following relief:

   a. An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

   b. An order finding that Defendant violated the FLSA;

   c. An order finding that these violations were willful;

   d. All unpaid wages;

   e. An equal amount as liquidated damages as allowed under the FLSA;

   f. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   g. Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813